NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0281n.06

Case No. 25-6044

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 29, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM GASTON,

    Defendant - Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: CLAY, GIBBONS, and BLOOMEKATZ, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. The district court revoked Defendant-Appellant William Gaston's supervised release and sentenced him to a within-Guidelines sentence of 33 months. Gaston now appeals, arguing that his sentence is substantively unreasonable because the district court did not give sufficient weight to his mitigating factors. We affirm the district court's sentence.

**I.**

In 1990, William Gaston pled guilty to armed bank robbery in the Eastern District of Kentucky. He was sentenced to 240 months' imprisonment followed by five years of supervised release. The terms of Gaston's supervised release prohibited him from leaving the Eastern District of Kentucky without permission from the court or his probation officer, committing another state, local, or federal crime, and possessing a firearm.

Gaston was released from prison in September 2008. About a year into his period of supervised release, Gaston was arrested in Florida and charged with armed home invasion robbery

with a firearm, armed occupied burglary with a battery, and armed kidnapping. Gaston admitted to police that he went to Florida in August 2009 to visit his mother and, while there, reconnected with an individual with whom he served in federal prison. The duo contemplated "the possibility of robbing drug dealers." DE 271, Violation Rep. Add. (Sealed), Page ID 27. Gaston then returned to Kentucky, at which time he purchased two firearms. The next month, Gaston and a different companion traveled back to Florida with plans to rob a residence they believed to be a "stash house" that had "a large amount of money for a lot of narcotics transactions" inside. *Id.* at 30. Posing as FedEx employees, the pair approached a man standing outside the residence and forced their way into the premises. Then, they pistol whipped the man and tied up the other occupants in the residence. They soon realized, however, that they were in the wrong home and apologized to the group. Police arrived shortly thereafter and arrested Gaston.

In September 2009, after the United States Probation Office received notice of Gaston's Florida charges, the district court issued a warrant for Gaston's arrest for violating his conditions of supervision. In October 2011, Gaston pled guilty to his Florida charges and was sentenced to eighteen years' imprisonment followed by four years of probation. In October 2025, Gaston completed his Florida sentence and was subsequently transferred to the Eastern District of Kentucky pursuant to his 2009 warrant. The Guidelines range for Gaston's supervised release violations was 33 to 36 months' imprisonment.

At his revocation hearing, Gaston admitted to each of the violations. Notwithstanding his admission, Gaston asked the court to grant him a below-Guidelines sentence. Specifically, he highlighted his advanced age of 71 and the more than 40 years he had already spent in federal and state prisons. Gaston, a Cuban national who came to the United States at age 11, also expressed fear that he might be deported to Mexico—because his home country of Cuba may not accept

him—or that the United States Immigration and Customs Enforcement would hold him for an indefinite amount of time. After calculating Gaston's Guidelines range, the district court considered the relevant sentencing factors. 18 U.S.C. § 3553(a). While the court noted Gaston's mitigation arguments, it ultimately emphasized that he committed a "very serious breach of the Court's trust." DE 285, Rev. Hr. Tr., Page ID 97. Thus, the district court sentenced Gaston to a within-Guidelines sentence of 33 months' imprisonment. Gaston timely appealed the district court's sentence.

## II.

We review revocation of supervised release sentences under the same abuse of discretion standard that we apply to sentences imposed after conviction. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). A defendant's challenge to a sentence's substantive reasonableness concerns whether the sentence is "too long" because "the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We apply a rebuttable presumption that a within-Guidelines sentence is substantively reasonable. *United States v. Florence*, 163 F.4th 1017, 1028 (6th Cir. 2026).

Gaston argues that the district court's sentence was substantively unreasonable because it failed to give sufficient weight to "his advanced age," "immigration status," and "the length of the sentence he had already served on his Florida . . . conviction." CA6 R. 15, Appellant Br., at 9; CA6 R. 18, Reply Br., at 1. We disagree.

Here, the district court properly calculated the applicable Guidelines range and discussed the relevant § 3553(a) factors, including the nature and circumstances of the offense and Gaston's history and personal characteristics. Moreover, as Gaston acknowledges, the district court

"considered, but rejected, [his mitigating] evidence" as grounds to vary "below the recommended Guidelines range." CA6 R. 15, Appellant Br., at 8. Indeed, the court explicitly discussed Gaston's advanced age, his lengthy term of imprisonment for his Florida offense, and that he is "likely to be deported at some point." DE 285, Rev. Hr. Tr., Page ID 97. Nonetheless, the district court also emphasized that Gaston committed "a significant, very serious breach of the Court's trust" when he "stopped reporting" to the court, "went to Florida," "possessed guns," "committed these offenses[,] and served a lengthy prison sentence." *Id.* at 96–97. And the court noted that "all three of [Gaston's] violations [were] very serious," with "[t]wo of them [being] grade A violations, which [are] the most serious [the court] see[s]." *Id.* at 97. The district court was thus well within its discretion to more heavily weigh "the seriousness of [Gaston's] violation when determining how to sanction that breach of trust." *United States v. Williams*, 169 F.4th 727, 731 (6th Cir. 2026); *see also United States v. Patterson*, 158 F.4th 700, 703–04 (6th Cir. 2025).

Gaston's substantive reasonableness challenge ultimately rests on "an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020) (citation modified). But declining to use Gaston's preferred weighing of the factors does not constitute an abuse of discretion. *See United States v. Gardner*, 32 F.4th 504, 530–32 (6th Cir. 2022). And to the extent Gaston argues that the district court should have balanced the factors differently, that is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (citation modified). We therefore find that Gaston has failed to show that the district court abused its discretion in sentencing him.

**III.**

For the foregoing reasons, we affirm the district court's sentence.